Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Nicky Hernández Gaya<br><br>Peticionario | KLCE202400234 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: I1TR202200076; I1TR202200077; I1CR202200124<br><br>Sobre: Ley 22 Art. 7.02, 3.23A y Art. 246A CP |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de marzo de 2024.

Comparece ante nos, el señor Nicky Hernández Gaya (Sr. Hernández Gaya o peticionario), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Resolución" emitida el 18 de enero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la "Moción al Amparo de la Regla 64 (n) (4) de las de Procedimiento Criminal" presentada por el peticionario.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y revocamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 14 de marzo de 2022, el Ministerio Público presentó cinco (5) denuncias contra el Sr. Hernández Gaya, por infracción a los

---

[1] Notificada el 25 de enero de 2024.

siguientes delitos: Arts. 7.02 y 3.23 (A) de la Ley de Vehículos y Tránsito - ambos delitos menos graves; al Art. 246 (A) del Código Penal de 2012 – delito menos grave; y a los Arts. 404 (A) y 412 de la Ley de Sustancias Controladas - ambos delitos graves. El 20 de mayo de 2022, las denuncias fueron presentadas ante un Juez Municipal, quien determinó que existía causa probable para arresto por los delitos imputados. En vista de que se le imputó la comisión de dos delitos graves, ese mismo día, entiéndase, el 20 de mayo de 2022, el peticionario fue citado para vista preliminar.

Tras varios trámites procesales, el 11 de diciembre de 2023, el Sr. Hernández Gaya presentó "Moción al Amparo de la Regla 64 (n) (4) de las de Procedimiento Criminal". Argumentó que, tras la determinación de causa para arresto, el Estado tenía hasta el 17 de septiembre de 2022 para celebrar juicio por los delitos menos grave que le fueron imputados. Por entender que ya había transcurrido en exceso el término de 120 días dispuesto en la Regla 64(n) de Procedimiento Criminal, *infra*, solicitó la desestimación de tres (3) denuncias, específicamente aquellas que le imputaban la comisión de delitos menos grave.

Evaluada su petición, el 18 de enero de 2024,[2] el Tribunal de Primera Instancia emitió "Resolución", y declaró No Ha Lugar la "Moción al Amparo de la Regla 64 (n) (4) de las de Procedimiento Criminal" presentada por el peticionario.

Inconforme, el Sr. Hernández Gaya recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error:

> *Cometió gravísimo error el Honorable Tribunal de Instancia al declarar "No Ha Lugar" la Moción al Amparo de la Regla 64 (N)(4) de las de Procedimiento Criminal" presentada por la parte apelante* [sic]*, por dos razones fundamentales: la primera, por resolver un asunto procesal substantivo que no estuvo presentado ante su consideración toda vez, que jamás los casos menos graves estuvieron – y de forma alguna*

---

[2] Notificada el 25 de enero de 2024.

*consolidados – con los casos graves que dicho tribunal tenía ante su consideración; y segundo, porque al así resolver dispuso, subsilentio, que los casos estaban consolidados.*

## II.

El derecho que le asiste a todo imputado a un juicio rápido está consagrado en el Art. II, Sec. 11 de nuestra Constitución, LPRA, Tomo 1. El alcance de este precepto constitucional está trazado en las disposiciones de la Regla 64 (n) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64 (n), la cual se reconoce una serie de términos con el fin de garantizar que el juicio se celebre dentro de un tiempo razonable. Asimismo, la precitada regla establece el procedimiento a llevarse a cabo en caso de que el imputado solicite la desestimación de la acusación o denuncia, o cualquier cargo de las mismas. A esos efectos, la antedicha regla dispone lo siguiente:

> *[E]l tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:*
>
> *(1) Duración de la demora;*
> *(2) Razones para la demora;*
> *(3) Si la demora fue provocada por el acusado o expresamente consentida por éste;*
> *(4) Si el Ministerio Público demostró la existencia de justa causa para la demora, y*
> *(5) Los perjuicios que la demora haya podido causar.*
>
> *Una vez celebrada la vista, el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación*

(Énfasis nuestro).

Como puede apreciarse, **"el tribunal [de instancia] deberá fundamentar por escrito la resolución que adjudica la moción de desestimación, de forma que la parte afectada adversamente pueda evaluar si solicita reconsideración o recurre al Tribunal de Apelaciones"**. Ernesto L. Chiesa Aponte,

Procedimiento Criminal y la Constitución: Etapa Adjudicativa, págs. 337, San Juan, Eds. SITUM (2018). (Énfasis suplido).

**III.**

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, este foro apelativo intermedio se encuentra en posición de expedir el auto. Ante la discreción que poseemos para atender el asunto, procedemos a resolver la controversia.

En el caso de marras, el Sr. Hernández Gaya presentó un escrito solicitando la desestimación de tres (3) denuncias que le imputaban la comisión de ciertos delitos menos graves, bajo el fundamento de que se le violentó su derecho a juicio rápido. El foro recurrido declaró No Ha Lugar esta petición.

Tras una lectura de esta "Resolución" recurrida, resulta evidente que **dicha determinación carece de fundamentación adecuada**, **en claro incumplimiento con la Regla 64 (n) de Procedimiento Criminal**, *supra*. **A su vez**, **no surge de los autos que**, **en efecto**, **se haya celebrado una vista evidenciaria para atender la solicitud del peticionario**. Ello contraviene lo ordenado en la citada regla, que exige, no tan sólo la celebración de una vista, sino que, a su vez, se discutan y se plasmen en la "Resolución" los fundamentos que dieron paso a la otorgación o denegatoria de la moción de desestimación. Esto tiene, entre otros propósitos, otorgar la oportunidad -efectiva y objetiva- a la parte que resulte adversamente afectada de evaluar, si así lo solicita, la reconsideración o revisión de dicha determinación.

En este caso, la ausencia de fundamentos no tan solo privó al peticionario de una oportunidad efectiva para evaluar la revisión de la determinación, sino que también nos impide ejercer nuestra facultad revisora de forma adecuada.

Por las razones que anteceden, le corresponde al Tribunal de Primera Instancia celebrar una vista evidenciaria y fundamentar su decisión, conforme lo ordena la Regla 64 (n) de Procedimiento Criminal, *supra.*

## IV.

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, revocamos la "Resolución" emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.  Se devuelve al Foro de Instancia, para que celebre vista evidenciaria y fundamente su decisión, conforme lo ordena la Regla 64 (n) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64 (n).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones